## C. H. McCormack v. John M. Robards.

**Fraudulent Conveyances—Pleading.**

An allegation that it was the intention of the grantor to exclude other creditors is substantially a charge that the design of the grantor was to prefer the grantee to the exclusion of other creditors.

**Fraudulent Conveyances—Preference of Creditors.**

The evidence was held to show that a conveyance was made to prefer one creditor to the exclusion of other creditors, and that it was made in contemplation of insolvency.

APPEAL FROM MARION CIRCUIT COURT.

June 18, 1873.

Opinion by Judge Lindsay:

The six months within which a person interested must file his petition in order to authorize a court of equity to take control of and distribute the proceeds of property sold, mortgaged or assigned by a debtor in contemplation of insolvency and with the design to prefer one or more creditors to the exclusion in whole or in part of others, does not begin to run until the transfer is recorded, or the property or effects delivered. The conveyance from Robards to Gartin, though lodged for record in June, 1868, was not recorded until the 14th day of August following. The amended petition of appellants attacking this conveyance and charging or rather attempting to charge that it was within the statute of 1850, was filed on the 10th day of February, 1869, within less than six months after the recording of the deed. This amendment, although technically defective, in not alleging that the design of the grantor was to prefer one or more creditors to the exclusion in whole or in part of others, does allege that it was executed and accepted with the consent of the grantor; and prays the court to sell the land conveyed and distribute the proceeds pro rata among the creditors of Robards. This amendment indicated clearly the nature of the relief sought, and though defective in form it must be regarded and treated as the beginning of a suit to declare the conveyance an assignment for the benefit of all of Robard's creditors. The amendment filed on the 18th day of February cured this formal defect, for it was merely formal, as the allegation that the intention was

to exclude other creditors is substantially a charge that the design was to prefer the grantee, to the exclusion of other creditors. The petition thus amended gave the court the undoubted right to take cognizance of the matters in controversy and afford such relief as the petitioners might show themselves entitled to.

The plea of limitation was bad and the court erred in sustaining it. We are of opinion that the facts developed by the pleadings and testimony in the case justify the conclusion that the conveyance was executed to prefer Gartin, who was a creditor of Robards to the exclusion of others of his creditors, and there can be no doubt but that it was made in contemplation of insolvency.

The effect of the deed was to relieve Gartin of all liabilities as surety of Robards on the notes of Robards and Burton to Mrs. Crowdes, for the purchase price of the land bought from her, and one-half of which Robards conveyed to Gartin. It also had the effect of securing to Gartin the repayment of the money advanced by him to Robards to enable him to pay one-half of the cash payment made on the land. It is true that Gartin claimed that this advancement was a gift to Robards, who is his son-in-law, and that he neither expected nor desired its repayment. Robards in his deposition says that Gartin did not give him this money as an advancement, but that he let him have it on a note on Kimbelent, and that he lost that amount in his sale to Gartin.

It is also to be observed that Gartin in his answer to the amended petitions, whilst he denies that Robards made the conveyance in contemplation of insolvency, or with the intent to cheat, hinder and delay his creditors, or that he accepted it for any such purpose, or to secure a fraudulent preference as a creditor of Robards, he does not deny that the intention of Robards was to prefer him as a creditor and to exclude others. The very nature of the transaction, the facts that Gartin secured one-half of the land for the sole consideration that he agreed to pay the balance owing on it by Robards, it being worth largely more than Robards and Burton agreed to pay for it, and that no provision was made to repay to Robards the eight hundred and twenty-eight dollars already paid by him on the land, afford convincing testimony that the intention of Robards was to secure his father-in-law on account of his suretyship, and to repay to him the money advanced on the first payment on the land.

Under such a state of case it seems to this court that appellant is entitled to have his debt with interest and cost of suit paid, or else to have the conveyance adjudged to fall within the provisions of the statute of March 10, 1856.

If such judgment shall be rendered Gartin will have the right out of the proceeds of the sale of his one-half of the land to deduct the payments made by him to Mrs. Crowdes, in satisfaction of the purchase money notes. The balance may be applied to the payment of Robard's creditors, Gartin being an ordinary creditor as to the advancement made by him to enable Robards to make the first payment on the land. Judgment reversed and cause remanded. The Chief Justice did not sit in this case.

*Russell, Craddock,* for appellant.

*Fogle & Lindsey,* for appellee.